# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBIN JORDAN** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 16-5561 |
| v. | : | |
| | : | |
| **TEMPLE HEALTH SYSTEMS, INC.,** | : | |
| et. al. | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                             AUGUST 1, 2018

## MEMORANDUM OPINION

**INTRODUCTION**

Robin Jordan ("Plaintiff") filed an amended complaint against her former employer, Temple University Health System, Inc. ("TUHS"), supervisor, Noelle Stuart, and TUHS Human Relations Representative, Jacqueline Nardi (collectively, "Defendants"). Plaintiff alleges that she was harassed, discriminated against, and terminated due to her age, disability, perceived disability, and in retaliation for protected activity. [ECF 1]. She brings these claims pursuant to, *inter alia*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et. seq.*, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-963. Plaintiff retained Michael J. Torchia, Esq., to provide expert testimony in support of her various claims. [ECF 42-1]. Before the Court is Defendants' *Motion to Exclude the Opinions and Testimony of Michael Torchia, Esq. Pursuant to Fed. R. Evid. 702* (hereinafter "*Motion to Exclude*"), [ECF 42], which Plaintiff has opposed. [ECF 43-1].[1] For the reasons set forth herein, Defendants' motion is granted.

---

[1]   This Court has also considered Defendants' memorandum in further support of their motion, [ECF 48], and Plaintiff's *sur*-rebuttal, [ECF 50].

**APPLICABLE LAW**

The Federal Rules of Evidence are prescribed to govern procedures in federal courts. Thus, when a party offers an expert witness, the court functions as a 'gatekeeper' to ensure that the expert's testimony complies with these rules and commanding case law. *In re Paoli R.R. Yard PBC Litig.*, 35 F.3d 717, 732 (3d Cir. 1994) (hereinafter, "*Paoli*"). Federal Rule of Evidence ("Rule") 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if, "(a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

The United States Court of Appeals for the Third Circuit has interpreted Rule 702 as requiring three criteria: qualification, reliability, and fit. *Paoli*, 35 F.3d at 741-743. "Qualification refers to the requirement that the witness possess specialized expertise." *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). Reliability requires that the testimony "be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief." *Paoli*, 35 F.3d at 742 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993)). Lastly, "fit" refers to the relevancy of the expert's testimony "for the purposes of the case" and its ability to "assist the trier of fact." *Schneider*, 320 F.3d at 404.

There are limitations to an expert's opinion. For example, "it is not permissible for a witness to testify as to the governing law." *United States v. Leo*, 941 F.2d 181, 196 (3d Cir.

2

1991). This preclusion includes testimony as to the legal effect of federal regulations,[2] and/or testimony on "the meaning of terms in a statute or regulation or the application of such terms to specified conduct." *Rich v. Bailey*, 1996 WL 745298, at *5 (E.D. Pa. Dec. 23, 1996) (citing *Stissi v. Interstate and Ocean Transport Co. of Philadelphia*, 765 F.2d 370, 374 (2d Cir. 1985)). "Such testimony is prohibited because it would usurp the District Court's pivotal role in explaining the law to the jury." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) (citing *First National State Bank v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981)); *see also Highway Materials, Inc. v. Whitemarsh Twp.*, 2004 WL 2220974, at *20 (E.D. Pa. Oct. 4, 2004) ("an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts"); *United States v. Monaghan*, 648 F. Supp. 2d 658, 661 (E.D. Pa. 2009) ("testimony concerning the law itself . . . is inappropriate expert testimony"). Notably, the Advisory Committee's notes on Rule 704 reaffirm the notion that Rule 702 prohibits "opinions which would merely tell the jury what result to reach." Fed. R. Evid. 704 advisory committee's note.

While an expert witness is precluded from presenting legal conclusions, an expert's "opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704. The Third Circuit has interpreted this to permit testimony "concerning business customs and practices." *Leo*, 941 F.2d at 196. For example, an expert may opine on established industry customs and standards, provided the testimony stops short of defining the legal duties arising from industry customs or opining on whether the defendant has complied with those duties. *Berckeley*, 455 F.3d at 218; *see also First National*, 668 F.2d 725, 732 (holding that an expert may testify on established customs in the banking industry in order to help the jury evaluate the

---

[2] In *Berckeley Inv. Grp., Ltd. v. Colkitt*, an expert's testimony on "the legal effect of various SEC pronouncements regarding Rule 144 and Regulation S" were found "inadmissible as improper legal opinions." 455 F.3d 195, 218 (3d Cir. 2006).

3

defendant's conduct). Ultimately, "the expert's proponent bears the burden of establishing the admissibility of his expert's testimony by a preponderance of the evidence." *Monaghan*, 648 F. Supp. 2d at 660 (citing *Daubert*, 509 U.S. at 592).

**DISCUSSION**

The issue before this Court is whether the opinions proffered in Mr. Torchia's expert report comply with the governing case law. In his report, Mr. Torchia recounts facts from the record, describes federal law and regulations, and opines on their relevance. He explains at length the ADA, Equal Employment Opportunity Commission ("EEOC") regulations, and pertinent case law. Mr. Torchia also cites two non-legal sources: a Disability Law Compliance Manual and EEOC Enforcement Guidance, but offers no indication of their use as industry standards. The final section of the report, titled "Conclusions," contains a list of "highly relevant" facts and a list of law "most relevant to the jury." (Torchia's Expert Report at p. 27). Defendants have moved to exclude Mr. Torchia's proffered testimony, arguing that it constitutes improper legal opinion.

In response, Plaintiff contends that Mr. Torchia's opinions fit within a narrow exception to the governing case law's exclusion of legal testimony. Her argument relies primarily on *Orner v. Nat'l Beef Packaging Co., LLC*, 2015 WL 8334544, at *9 (M.D. Pa. Dec. 9, 2015). Plaintiff asserts that the *Orner* decision permits testimony which, like Mr. Torchia's report, outlines the facts and legal principles relevant to the jury's ultimate legal analysis. However, as argued by Defendants, Plaintiff's reliance on *Orner* is misplaced. While it is true that the court in *Orner* allowed an expert witness to recount facts relevant to the defendant's compliance with EEOC guidance and industry standards for the ADA interactive process, the court explicitly held that the expert's "testimony must stop, however, before reaching. . . the particular legal duties that the

4

ADA imposes upon employers, or. . . whether [the defendant] complied with those duties." *Orner*, 2015 WL 8334544, at *9. As such, expert testimony which purports to identify the relevant facts and legal principles for the jury's analysis does not comport with *Orner*.

It is clear, then, that the proffered opinions in Mr. Torchia's expert report do not comport with *Orner* or the accompanying case law. The majority of the report consists of recitations of case law and federal regulations. Such testimony pertaining to "the governing law" is indisputably inadmissible. *Leo*, 941 F.2d at 196. The conclusion of his report—the only section that actually appears to contain opinion—consists of a list of facts "highly relevant" to the jury's determination of "whether TUHS violated the ADA for failing to engage in the interactive process," and a list of the "law most relevant to the jury." (Torchia's Expert Report at pp. 26-27). None of these opinions are admissible, as they relate directly to the legal duties existing under the ADA, and unduly infringe on the judge's lawgiving and jury's fact-finding. *Berckeley*, 455 F.3d at 217.

Notably, Mr. Torchia's proffered testimony contains no actual opinion regarding the industry standards for ADA compliance. Though Mr. Torchia's report includes brief mention of non-legal guidelines from the EEOC and excerpts from the Disability Law Compliance Manual, it provides no information beyond the identification of those resources. The report provides no context for the guidelines or reference to their relationship to industry standards. Consequently, it is evident that Mr. Torchia's testimony at trial would not "help the trier of fact to understand the evidence" beyond what will already be provided by fact witnesses and this Court's legal instructions. Fed. R. Evid. 702.

Plaintiff also argues that Mr. Torchia's previous expert testimony in this District supports the admissibility of his testimony in the present case. However, an examination of Mr. Torchia's

5

role in those previous cases actually suggests the opposite. When Mr. Torchia testified in *Vandegrift v. City of Phila.*, he was allowed to comment on "alleged deviations from cited nonlegal standards," but was *not* permitted to "opine as to a deviation from legal standard." 228 F. Supp. 3d 464 (E.D. Pa. 2017) (Mem. at 1, ECF No. 52). Despite what he may have provided in previous proceedings, Mr. Torchia's expert report in this case falls entirely within the realm of legal testimony and offers virtually no opinion on relevant nonlegal standards.

## CONCLUSION

For the foregoing reasons, Defendant's *Motion to Exclude* is granted.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.